**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GARY MCCLENDON**                                                       **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 3:03CV1122BN**

**CAPTAIN BATES, ET AL.**                                              **DEFENDANTS**

---

## MEMORANDUM OPINION AND ORDER

THIS CAUSE came on for trial before the undersigned United States Magistrate Judge on the 23rd day of January, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorney John C. Clay, Office of the Attorney General of Mississippi.  The parties executed a Consent to Exercise of Jurisdiction by a Magistrate Judge, and, on April 21, 2004, Judge William S. Barbour, Jr. referred this matter to the undersigned for all further proceedings and the entry of judgment, pursuant to 28 U.S.C. 636 (c)(4) and FED. R. CIV. P. 73(d).  This case was heard in conjunction with Cause No. 3:03cv1121BN because many of the parties were the same.

The Plaintiff testified on his on behalf.   He is incarcerated in the custody of the Mississippi Department of Corrections at the Central Mississippi Correctional Facility, Pearl, Mississippi. According to the Plaintiff, he was bitten on the penis by a spider, and his penis swelled to two and one-half times its normal size.  He could not button his pants or pull them completely up, but he wore his shirt and coat over the pants.  On or about May 8, 2003, the Plaintiff was outside the clinic in his wheelchair discussing this condition with Dr. Zein when the Defendant Sergeant Henderson came up and told him to pull his pants up.  The Plaintiff began explaining to the Defendant

1

Henderson his problem when Henderson all of a sudden knocked him in the head and out of his wheelchair, grabbed him by the back of the neck, and dragged him to the tower.  The Plaintiff testified that his clothing fell off as he was dragged on the floor down the hall and to the tower by Henderson.

The Plaintiff testified that he already had a neck injury and was on crutches due to a gunshot wound in his knee.  According to the Plaintiff, the Defendants Gilmore and Bates, as well as Investigator Jones, saw this happen but would not admit that they witnessed it.

The Plaintiff submitted his own testimony, as well as the testimony of his inmate witness, Johnnie Davidson, in support of his claims.  He also called the Defendants Henderson, Ann Gilmore, and Faith Bates to give testimony, as well as Stephanie Jones, who was the investigator and is now a case manager.

The Defendants testified on their own behalf and called Dr. John Bearry to give testimony regarding the Plaintiff's medical records in support of their defense.  The defense maintains that the Plaintiff arrived to be treated in the clinic with his pants down and his penis visible.  He was instructed to return to his cell and put on pants and was not allowed to remain in the clinic for treatment.  Sgt. Henderson escorted him out of the clinic but used no force, as no force was required, according to Henderson.  All of a sudden, the Plaintiff sat in the floor, giving no reason.  Ms. Jones eventually convinced him to get up.

All of the defense witnesses categorically denied that the Plaintiff was assaulted or harmed in any way.  The Plaintiff's own inmate witness, Johnnie Davidson, did not support his version of the events.  Davidson testified that he had never seen the Plaintiff and Henderson in a physical

altercation, that he had seen "no more than some talk."  No other inmate witnesses were present during the incident.  The medical records do not support the Plaintiff's version of the incident, as there is no notation in the medical records that the Plaintiff reported he had been assaulted.  No acute findings were noted in the record during this period, and the only treatment is for the infection.  There was no evidence of a fracture in the Plaintiff's shoulder, and his x-rays were the same in 1997 and in 2005.

The Court has carefully considered the evidence, including the testimony of the witnesses as well as all of the documents submitted, and finds that the Plaintiff has failed to prove by a preponderance of the evidence that he was assaulted by any individual during the incident he complains about in May, 2003.  The medical records, as well as the testimony of the Defendants' witnesses, negate the Plaintiff's testimony that he was assaulted by the Defendant Henderson.  It is the Plaintiff's burden to prove his case at least by a preponderance of the evidence.  His testimony alone is simply not enough to overcome the medical records and the testimony of these Defendants and witnesses.

For these reasons, the Court finds that the Plaintiff has failed to prove that any of the Defendants violated his rights as secured by the United States Constitution.  Accordingly,

IT IS HEREBY ORDERED that the Plaintiff's complaint is dismissed with prejudice and Final Judgment in favor of the Defendants shall be entered on this date.

IT IS SO ORDERED, this the 15th day of February, 2006.


                              S/ Alfred G. Nicols, Jr.
                              UNITED STATES MAGISTRATE JUDGE